**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Kenneth William Colassi

        v.                                  Civil No. 10-cv-562-PB

Hartford Life and Accident
Insurance Co. et al.

## REPORT AND RECOMMENDATION

        Before the court is Kenneth William Colassi's complaint
(doc. no. 1), filed pursuant to the Employee Retirement Income
Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), alleging that
he has been improperly denied disability benefits offered by his
former employer, BAE Systems, Inc. ("BAE Systems") and
administered by Hartford Life and Accident Insurance Company
("Hartford").  Colassi asserts additional claims under the
federal constitution and state law.  Because Colassi is
proceeding pro se and in forma pauperis, the complaint is
subject to preliminary review by the magistrate judge to
determine, among other things, whether it states any claim upon
which relief might be granted.  See 28 U.S.C. § 1915(a); United
States District Court District of New Hampshire Local Rule
("LR") 4.3(d)(1)(B) (authorizing magistrate judge to conduct
preliminary review).

**Standard of Review**

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at ___, 129 S. Ct. at 1949. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 28 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.").  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp., 550 U.S. at 556.  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." <u>Ashcroft</u>, ___ U.S. at ___, 129 S. Ct. at 1950 (citation omitted).

**Background**

In 1986, Kenneth Colassi underwent botched esophageal surgery which permanently damaged his stomach valve. Colassi's stomach valve condition is called Terminal Lower Esophageal Sphincter Injury ("TLESI"). The TLESI causes Colassi to experience constant and severe pain due to severe acid reflux. As a result, Colassi cannot lie down flat at all, including to sleep, and cannot sit for any extended period of time without experiencing excruciating pain.

Colassi also suffers from persistent extreme fatigue as a result of the sleep interruptions caused by his medical problems. Colassi believes that the TLESI will ultimately cause him to develop esophageal cancer.

Because of the TLESI, Colassi has had to sleep at a forty-five degree angle since 1986. This sleep position has caused him to suffer from severe back pain.

In 2008, Colassi was receiving chiropractic treatment for his back pain, but the treatment did not relieve his pain. Colassi's chiropractor ordered an MRI which revealed that Colassi, as a result of sleeping in an abnormal position for twenty-three years, had developed advanced degenerative

arthritis in his lower lumbar spine.  After the summer of 2008, when Colassi's chiropractic treatment failed to relieve his pain, Colassi's sleep problems worsened.

Colassi states that he now has a "dead back" requiring "daily nonstop rehabilitation."  Colassi's primary care physician, Dr. Ihab Ziada, has treated Colassi with narcotic pain relievers for his back.  Colassi has taken over-the-counter acid reflux medication at night, which offers him a small amount of relief.

Despite his painful condition, Colassi has attempted to work during the last twenty-six years.  In April 2006, Colassi was hired by BAE Systems.  In 2008, Colassi was employed at BAE Systems as a senior engineer.

In December 2008, Colassi states he was placed on a "performance improvement plan" by BAE Systems.  Colassi was repeatedly warned that he might be terminated, was verbally advised to look for a new job, and was told that he was at the bottom of the list of senior engineers at the company.

In April 2009, Colassi was terminated from his employment at BAE Systems.  Colassi states that he was officially laid off during a downsizing period at BAE Systems.  Colassi asserts that he would have been terminated for poor performance, but that he

was kept on so that he could be laid off as part of BAE System's downsizing efforts.[1]

After Colassi was terminated, he filed a claim for long-term and short-term disability benefits with Hartford that he had purchased from Hartford through BAE Systems during his employment.  Colassi states that Hartford and BAE Systems have denied Colassi short-term and long-term disability benefits to which he is entitled.

## The Claims

Colassi raises the following claims for relief[2]:

1.   Hartford and BAE Systems have denied benefits to which Colassi is entitled by:

a.   failing to consider all of the relevant medical records that Colassi has provided;

---

[1]Colassi asserts that his lay off was engineered by BAE Systems to avoid firing him for poor performance, which, Colassi states, was going to occur had the downsizing not happened. While the court can surmise various reasons why Colassi believes this point is relevant to his claims here, they are not spelled out in the complaint, and the court will not engage in speculation.

[2]The claims, as identified herein, will be considered to be the claims raised by Colassi in the complaint (doc. no. 1) for all purposes.  If Colassi objects to the claims as identified, he must do so by properly objecting to this Report and Recommendation, or by properly filing a motion to amend his complaint.

b.   minimizing and understating the severity of
Colassi's TLESI and back condition;

c.   improperly considering Colassi's use of over-the-
counter medications and his intention to utilize natural
remedies;

d.   improperly finding that Colassi failed to
complete his course of chiropractic treatment;

e.   improperly finding that Colassi had, and failed
to follow, an appropriate surgical treatment plan;

f.   incorrectly suggesting that Colassi's medical
problems resulted from Lyme Disease; and

g.   underestimating the impact Colassi's medical
conditions have on his daily life.

2.   Attorney Ronald Eskin committed legal malpractice by
failing to represent Colassi's best interests and instead worked
in defendants' best interests, thereby causing Colassi to suffer
a loss of short-term and long-term disability benefits and
social security benefits.

3.   Defendants, BAE Systems and Hartford, have violated
Colassi's Fourteenth Amendment due process rights by so
complicating and protracting his case that no "valid disability
lawyer" would represent Colassi.

**Discussion**

I.   <u>ERISA Claims</u>

The ERISA statute is intended to provide "administrative oversight" of employee benefit plans.  See <u>N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 651 (1995).  ERISA was enacted to protect the interests of participants in employee benefit plans.  See <u>Johnson v. Watts Regulator Co.</u>, 63 F.3d 1129, 1132 (1st Cir. 1995).  Colassi claims that his short-term and long-term disability benefits, which he purchased during his employment at BAE Systems, and to which he is entitled, have been improperly denied by Hartford, the administrator of those benefit plans.  Colassi therefore brings his claims under ERISA.

To state a claim under ERISA upon which relief might be granted, a plaintiff must meet the notice pleading requirement set forth in Fed. R. Civ. P. 8(a).  See Fed. R. Civ. P. 8(a) (requiring complaint to include "a short and plain statement" giving defendant fair notice of claim and grounds therefor).[3]  As

---

[3]Some courts have required plaintiffs in ERISA actions to meet a heightened pleading requirement under Fed. R. Civ. P. 9(b) where the underlying allegations are grounded in fraud. Although Colassi here frequently describes defendants' actions as "fraudulent," such a heightened standard would not apply in this case.  Colassi's use of the word "fraudulent" in the complaint is purely conclusory and is not supported by any specific factual allegations pointing toward a finding of fraudulent administration of the benefits plan in question.

described below, the court finds that Colassi has made this
showing to allow the ERISA claims to proceed against Hartford.

A.   Proper Defendant for ERISA Claim

"'The proper party defendant in an action concerning ERISA
benefits is the party that controls administration of the
plan.'" Gómez-González v. Rural Opportunities, Inc., 626 F.3d
654, 665 (1st Cir. 2010) (quoting Terry v. Bayer Corp., 145 F.3d
28, 36 (1st Cir. 1998)).  An ERISA claim therefore lies against
the benefit plan's administrators, sponsors, or fiduciaries, but
not against plaintiff's employer.  See Airframe Sys., Inc. v.
Raytheon Co., 601 F.3d 9, 18 n. 9 (1st Cir. 2010) (citing
Negrón-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 9-10
(1st Cir. 2008)).  Accordingly, Colassi's claim arises squarely
against Hartford, the administrator of Colassi's disability
benefit plans.

Colassi's complaint references BAE Systems and a BAE
Systems Appeals Committee as entities that have denied Colassi's
rights under ERISA.  Collasi's allegations imply that BAE
Systems maintained some role in the administration of benefits
under the relevant plan.  For purposes of preliminary review,
therefore, the court finds that BAE Systems is appropriately in
this action as a defendant at this time.

B.    Welfare Benefit Plan

In order to state a claim under ERISA, plaintiff must allege that he has been improperly denied benefits under a "welfare benefit plan" as defined by 29 U.S.C. § 1002(1) of ERISA.  See Robles v. Combined Ins. Co. of Am., 275 F. Supp. 2d 168, 170 (D.P.R. 2003).  "A welfare benefit plan is made up of five elements: (1) a plan, fund, or program (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vocation benefits, day care centers, scholarship funds, prepaid legal services, or severance benefits (5) to participants or their beneficiaries."  Id. (citing 29 U.S.C. § 1002(1)) (internal quotations omitted).  Colassi's allegations satisfy this definition and establish the existence of a welfare benefit plan under ERISA.

C.    Participant

A "participant" is "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C. § 1002(7).  Stating that he is a former employee of BAE Systems who is

10

eligible to receive disability benefits from a plan covering BAE
Systems employees, Colassi has alleged that he is a
"participant" for purposes of ERISA.

    D.   <u>Exhaustion</u>

    "A plaintiff who wishes to raise an ERISA claim in federal
court must first exhaust all administrative remedies that the
fiduciary provides." <u>Edina v. Metro. Life Ins. Co.</u>, 588 F.3d
41, 47 (1st Cir.2009) (citing <u>Madera v. Marsh USA, Inc.</u>, 427
F.3d 56, 61 (1st Cir. 2005)).  Here, Colassi has alleged that he
has attempted to obtain short-term and long-term disability
benefits from Hartford, and that he has been denied those
benefits by Hartford and by the BAE Systems Appeals Committee.
Colassi indicates that he is in possession of a document, not
presently attached to the complaint, that is the Committee's
denial of his appeal of Hartford's denial of benefits.  Although
Colassi has not, to date, expressly stated or documented that he
has fully exhausted these claims, the allegations in the
complaint are sufficient to allow the court to infer that
Colassi has exhausted the appeal remedies available to him at
the administrative level.  For purposes of preliminary review,
therefore, Colassi has sufficiently demonstrated exhaustion of
administrative remedies to allow the ERISA claims to proceed.
In an order issued this date, the court will direct service of

the ERISA claims in the complaint against defendants Hartford
and BAE Systems.

II.  Due Process Claim

       Colassi contends that defendants have denied him his
Fourteenth Amendment right to due process by complicating and
prolonging his claims for benefits in a manner that renders it
impossible for Colassi to obtain competent counsel to represent
him in his efforts to obtain benefits.  A plaintiff claiming
infringement of his federal constitutional rights, including a
due process right under the Fourteenth Amendment, must establish
both that the defendants deprived him of that right, and that
the defendants acted under the auspices of the authority of the
state.  See 42 U.S.C. § 1983[4]; Brown v. Newberger, 291 F.3d 89,
93 (1st Cir. 2002) (private actors could not be subjected to
§ 1983 liability as having acted under color of state law).  The
United States Constitution "erects no shield against merely

_____

       [4]42 U.S.C. § 1983 states, in pertinent part:

             Every person who, under color of any statute,
             ordinance, regulation, custom, or usage, of any
             State or Territory of the District of Columbia,
             subjects, or causes to be subjected, any citizen
             of the United States or other person within the
             jurisdiction thereof to the deprivation of any
             rights, privileges, or immunities secured by the
             Constitution and laws, shall be liable to the
             party injured in an action at law, suit in equity,
             or other proper proceeding for redress. . . .

private conduct, however . . . wrongful." <u>Blum v. Yarektsky</u>,
457 U.S. 991, 1002 (1982).

Defendants here are private parties.  No allegation in the
complaint suggests any reason why the defendants should be
considered to be state actors.  The Fourteenth Amendment does
not protect Colassi, therefore, from any harm allegedly
inflicted upon him by the defendants.  <u>See</u> <u>Blum</u>, 457 U.S. at
1002.  Accordingly, I recommend that Colassi's Fourteenth
Amendment due process claims be dismissed.

III. <u>Consolidation and Social Security Claims</u>

Colassi has requested to consolidate this case with <u>Colassi</u>
<u>v. Astrue</u>, Civ. No.10-cv-200-JL, a case in which Colassi
challenged the denial of Colassi's social security benefits.
The court in that case (Laplante, J.), however, has remanded
that case for further proceedings at the Social Security
Administration, and the matter is therefore no longer pending in
this court.  <u>See</u> <u>id.</u> (Order Jan. 25, 2011).  Accordingly,
Colassi's request to consolidate is denied.

Colassi makes a number of assertions in this complaint
(doc. no. 1) that appear to be claims already raised in his
previous and ongoing efforts to obtain benefits from the Social
Security Administration.  To the extent that any of those
assertions were intended to constitute claims here, I recommend

13

they be denied without prejudice to being asserted in Colassi's efforts to obtain benefits from the Social Security Administration.

IV.   <u>Legal Malpractice</u>

Colassi asserts that his former attorney in the administrative proceedings, Ronald Eskin, committed malpractice by working on behalf of defendants, rather than on behalf of Colassi's best interests.  Colassi alleges that Eskin committed malpractice by, among other things, failing to obtain, include, and press all of the relevant medical evidence in Colassi's disability benefits and social security cases.  Colassi further alleges that Eskin made strategic choices about evidence to obtain and admit during the litigation that were designed to inure to the benefit of Hartford rather than Colassi and that, in fact, those decisions were made to Colassi's detriment.

To state a claim for legal malpractice, plaintiff must assert facts to support the following elements of the tort:

> First, there must be an attorney-client relationship that triggers an attorney's duty to exercise reasonable professional care, skill, and knowledge in providing legal services to a client.  Second, a breach of that duty must occur.  And third, a resultant harm must be legally caused by the breach.

<u>Gaylor v. Jeffco</u>, 160 N.H. 367, 369, 999 A.2d 290, 292-93 (2010) (internal citations omitted).  Here, Colassi has alleged that he

14

was represented by Attorney Ronald Eskin, that Attorney Eskin
had a duty to represent Colassi's legal interests, and that
Attorney Eskin breached that duty, to Colassi's detriment, in
that Colassi was denied disability benefits.  Colassi has stated
the minimum facts necessary to set forth a legal malpractice
claim against Eskin.  Although Colassi has not named Eskin in
the caption of this complaint, the narrative in the complaint
evinces a clear intent on Colassi's part to bring a legal
malpractice claim against Eskin.  Accordingly, the court will
construe the complaint to include such a claim and to name Eskin
as a defendant.

The malpractice claim against Eskin, however, does not
raise a federal question to invoke this court's federal question
jurisdiction pursuant to 28 U.S.C. § 1331.  Nor do any
allegations in the complaint indicate that the parties are of
diverse citizenship, or that there is an amount in controversy
in excess of $75,000, as required to obtain this court's
diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Jurisdiction must obtain, therefore, if at all, by
application of this Court's supplemental jurisdiction over
Colassi's state law malpractice claim.  See 28 U.S.C. § 1367
(authorizing federal court to exercise jurisdiction over state
law "claims that are so related to claims in the action within

15

such original jurisdiction that they form part of the same case or controversy."). It is plausible that factual and legal determinations made during the litigation of Colassi's ERISA claim will overlap with factual and legal determinations regarding Eskin's representation of Colassi during the administrative proceedings. Accordingly, the court finds that it is appropriate at this juncture to exercise supplemental jurisdiction over Colassi's legal malpractice claim. In an order issued simultaneously with this Report and Recommendation, the court will direct service of that claim upon Attorney Eskin.

## Conclusion

For the foregoing reasons the court recommends that the due process claim in the complaint (doc. no. 1) be dismissed with prejudice, and that the social security claim be dismissed without prejudice. The court further recommends that Colassi's request to consolidate this case with Colassi v. Astrue, Civ. No. 10-cv-200-JL, be denied. In an order issued simultaneously with this Report and Recommendation, the court has directed service of the ERISA claims on defendants Hartford and BAE Systems, and service of a legal malpractice claim upon defendant Ronald Eskin.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See

Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  April 6, 2011

cc:  Kenneth William Colassi, pro se

LBM:jba

17