```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Kenneth William Colassi</u>

   **v.**                                   Civil No. 10-cv-562-PB
                                         Opinion No. 2011 DNH 220
<u>The Hartford Life & Accident</u>
<u>Insurance Co., et al.</u>

<u>MEMORANDUM AND ORDER</u>

Kenneth Colassi brings suit against The Hartford Life and Accident Insurance Company ("Hartford Life") and BAE Systems, Inc. ("BAE"), seeking judicial review of the denial of his claim for benefits under an ERISA plan established by his employer, BAE. Hartford Life has filed a motion to dismiss, contending that it is not a proper party in the case. For the reasons set forth below, I grant the motion to dismiss. As this case proceeds, Colassi may continue to pursue his claim for benefits against BAE, the proper defendant.

In 1986, a botched esophageal surgery permanently damaged Colassi's stomach valve, and caused him to develop Terminal Lower Esophageal Sphincter Injury ("TLESI"). The condition is characterized by severe acid reflux, and causes Colassi extreme pain if he sits for long periods or lies flat on his back for any amount of time. TLESI interferes with his ability to sleep,

and so Colassi suffers from chronic fatigue.  Because he must sleep at a forty-five degree angle, he has also developed extreme lower back pain.

Despite his symptoms, Colassi was hired by BAE in April 2006.  He continued to work for BAE until April 2009, when his employment was terminated.  Colassi alleges that he subsequently filed a claim for "short-term long-term disability benefits." Compl. at 5, Doc. No. 1.  He asserts that his claim was denied by Hartford Life and the BAE Systems Appeals Committee.

The decision of the BAE Systems Appeals Committee, which is attached to the complaint, provides some clarity on the procedural history.  BAE Systems Appeal Decision, Doc. No. 6-1. The decision, dated September 14, 2010, explains that Colassi filed a claim for short-term disability benefits with Hartford. Id. at 1.  That claim was denied in March 2010.  Colassi continued to seek short-term disability benefits by filing an appeal with the BAE Systems Appeals Committee.  Because it determined that the record did not support Colassi being totally or residually disabled, BAE denied his appeal.  Id. at 4. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Colassi now brings suit

2

against BAE and Hartford Life, challenging the denial of benefits.

In its motion to dismiss, Hartford Life contends that it is not a proper party in the case for two reasons.  First, it asserts that Hartford-Comprehensive Employee Benefit Service Company ("Hartford-CEBSCO"), and not Hartford Life,[1] was the claims administrator for BAE's plan, and that Hartford Life had nothing to do with Colassi's claim for disability benefits. Second, it argues that Hartford-CEBSCO is also not a proper defendant because that entity was merely a third party service provider with whom BAE had contracted to perform administrative tasks.  Instead, BAE -- as "plan administrator" with discretion to make final claim determinations and interpret the plan's terms -- is the proper defendant.  I concur that neither Hartford Life nor Hartford-CEBSCO are proper defendants in this case.

ERISA creates a cause of action for a participant in an employment benefit plan, allowing him to bring suit against the plan and its fiduciaries for benefits due under the terms of the

---

[1] The motion to dismiss explains that Hartford-CEBSCO is "a different Hartford entity."  D's Mot. to Dismiss at 1, Doc. No. 10.

plan. 29 U.S.C. § 1132(a)(1)(B); Terry v. Bayer Corp., 145 F.3d 28, 34-35 (1st Cir. 1998). "[T]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." Terry, 145 F.3d at 36. In this case, the BAE Summary Plan Description ("SPD") states that BAE is the plan administrator, and thus BAE is a proper party. SPD at 14, Doc. No. 10-1.[2]

Hartford-CEBSCO, by contrast, is listed on the SPD as the "Claims Administrator," and the motion to dismiss states that Hartford-CEBSCO has no authority other than to provide certain administrative services. Id. at 15; D's Mot. to Dismiss at 7, Doc. No. 10. Although an entity other than the named plan administrator may be liable for benefits if it takes on the responsibilities of the administrator, see Law v. Ernst & Young, 956 F.2d 364, 372-73 (1st Cir. 1992), "an entity which merely processes claims 'is not a fiduciary because such person does not have discretionary authority or discretionary control

---

[2] Because the factual allegations of Colassi's complaint are linked to and dependent upon the terms of the documents comprising his benefits plan, the SPD, which has been submitted by Hartford Life and whose authenticity has not been questioned by Colassi, effectively merges into the pleadings and I can rely on it in deciding a motion to dismiss. Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

respecting management of the plan.'" Terry, 145 F.3d at 35-36 (quoting 29 C.F.R. § 2509.75-8, D-2 (1997)).  As such, "when the plan administrator retains discretion to decide disputes, a third party service provider . . . is not a fiduciary of the plan, and thus not amenable to suit[.]"  Id. at 35.  It is clear that BAE retains discretion to decide disputes, as the SPD states that BAE makes final benefits determinations and does not give any deference to the service provider's initial decision.  See SPD at 17, Doc. No. 10-1.  As a third-party service provider without discretion to make final benefits determinations, Hartford-CEBSCO is not amenable to suit.

Furthermore, Colassi has not alleged that BAE vested any Hartford entity with the requisite discretionary authority or control over the plan or its assets to otherwise bring it within the category of a fiduciary of the plan.  I therefore grant the motion to dismiss all claims against Hartford entities.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (claim should be dismissed under Fed. R. Civ. P. 12(b)(6) when plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

For the foregoing reasons, Hartford Life's motion to dismiss (Doc. No. 10) is granted.[3]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 23, 2011

cc:   Kenneth William Colassi
      Byrne J. Decker, Esq.

---

[3] Hartford Life also seeks dismissal of Colassi's claim for long-term disability benefits on the grounds of a failure to exhaust administrative remedies.  Although it seems clear that Colassi only pursued and appealed a claim for short-term benefits, I decline to rule on that portion of the motion to dismiss because Hartford Life is no longer a party to this suit.