```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Kenneth William Colassi**

   **v.**　　　　　　　　　　　　　　Civil No. 10-cv-562-PB
　　　　　　　　　　　　　　　　　Opinion No. 2012 DNH 141
**Hartford Life & Accident
Insurance Co., et. al.**

### MEMORANDUM AND ORDER

Kenneth William Colassi brings a legal malpractice suit against his former attorney, Ronald Eskin.  Colassi alleges that he was denied disability benefits in a prior administrative proceeding because of Eskin's negligent or willful failure to submit certain medical information.  Both parties have filed motions for judgment on the pleadings.

I first address Colassi's motion.  To the extent Colassi's brief even touches on the legal malpractice claim, he does not appear to be asking for judgment in his favor, but for other assorted relief, including the service of a subpoena on his primary care physician and a guarantee that his case will eventually reach a jury.  Suffice it to say that Colassi has not established, as he must to prevail on a 12(c) motion, that he is entitled to judgment even if the facts are viewed in the light

most favorable to the non-moving party.  See Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  Accordingly, I deny Colassi's motion (Doc. No. 70).

Turning to the other motion at issue, Eskin's sole argument is based on Colassi's failure to disclose an expert witness pursuant to the timetable of the court-approved discovery plan. The New Hampshire Supreme Court has recently held that, "absent exceptional circumstances, expert testimony is necessary [in legal malpractice cases] to inform the jury regarding the skill and care ordinarily exercised by lawyers and to prove a breach thereof." Carbone v. Tierney, 151 N.H. 521, 528 (2004). Notwithstanding Colassi's conclusory protestations, it is clear from the allegations in the complaint that this case falls within the general rule: an expert would be necessary to establish that Eskin's allegedly wrongful conduct fell below the appropriate standard of care and caused Colassi to be denied benefits he otherwise would have received.

Although I agree with Eskin on the need for expert testimony, ordinarily I would not rule on a motion for judgment on the pleadings that was contingent on a factual assertion that is not established by the pleadings; here, the assertion that Colassi has failed to disclose an expert.  See Rules 7, 12(c).

In a typical case, I would convert a Rule 12(c) motion that presented a matter outside of the pleadings into a motion for summary judgment and allow the opposing party a reasonable opportunity to respond.  See Rule 12(d).

In his responsive materials, however, Colassi admits that he has not disclosed a legal expert, and thereby concedes the only disputable fact that might save his case from judgment. Further, rather than moving for leave to file a late expert disclosure, he instead indicates that he does not anticipate finding an expert to testify.  See Pl.'s Obj. at 18, Doc. No. 69 ("Expert testimony to show that ESKIN harmed his client is something that the attorneys of this region will never step up to the plate and perform openly and in public let alone for a hated plaintiff in [the] state of NH.").  When the pleadings are viewed in light of his statements that he has not, and will not, produce an expert, it is clear that Colassi "can prove no set of facts in support of his claim which would entitle him to relief."  See Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (quotation marks and citation omitted); see also Edwards v. Serv. Fed. Credit Union, Civ. No. 95-170-JD, slip op. at 5 (D.N.H. Sept. 11, 1997) (granting 12(c) motion in part based on plaintiff's failure to disclose expert witness).  To

3

prolong the case and allow additional filings at this juncture would exalt form over substance.

I therefore grant Eskin's motion for judgment on the pleadings (Doc. No. 67).  The clerk is directed to enter judgment accordingly and to close the case.

SO ORDERED.

                                        /s/Paul Barbadoro
                                        Paul Barbadoro
                                        United States District Judge

August 21, 2012


cc:   Kenneth William Colassi
      Byrne J. Decker, Esq.
      Catherine B. Cosgrove, Esq.